In the Matter of the Claim of MARY MITCHELL, Respondent, against Dr. LOUIS JAMESON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board noticed December 18, 1936. The State Industrial Board has found that on November 30, 1934, the claimant sustained injuries when she was struck by an automobile on the street; that at the time in question she was working for her employer as an in-servant and attendant, and was in the regular course of her employment. The claim was resisted on the

ground that the claimant was not an in-servant and that the carrier's policy did not cover the claimant at the time of injury, and that claimant was estopped by the discontinuance of a third-party action brought by her. The employer's first report of injury states claimant's occupation to be that of " office attendant and cleaning," and that she was injured in her regular occupation. The claimant testified that she was an attendant and did errands for her employer and worked around his office, and " tidied up the place." The employer testified that she was employed as an in-servant and took care of his office, got his lunch for him and cleaned up the office afterwards, and that when he needed things she went and got them. She sustained the injury in crossing the street while going on some errands for her employer. The policy in question covered both the residence and the office of the employer who was a physician; and by special indorsement it covered one in-servant in each place; and provided that servants might be added or dismissed without notice to the company, and that they need not be named, and that the premiums should be paid accordingly upon the expiration of the policy. The third-party action was commenced by the claimant in ignorance of her rights under the Workmen's Compensation Law. It appeared on the hearing of February 3, 1936, that the action had been discontinued more than a year and nine months before the expiration of the time within which the carrier or the employer might sue the third party. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.